IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | § |
|---|---|
| ALLEN LEE POLK, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:09-CV-319-A |
| | § |
| THERON BOWMAN, POLICE CHIEF, | § |
| ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants, Theron Bowman ("Bowman")[1], Arlington Chief of Police, and Edgar Gomez ("Gomez"), jail supervisor, to dismiss the claims of plaintiff, Allen Lee Polk, for failure to state a claim upon which relief may be granted. Having considered defendants' motion, plaintiff's response, defendants' reply, plaintiff's complaint, and applicable authorities, the court concludes that the motion should be granted.

---

[1] The instant action is the third civil suit plaintiff has filed against Bowman in the last twelve months. See civil actions 4:08-CV-437-Y and 4:09-CV-163-Y. The court dismissed the previous two actions.

I.

## Plaintiff's Complaint

Plaintiff instituted this action by a complaint pursuant to 42 U.S.C. § 1983 filed on June 5, 2009, against Bowman and Gomez. Plaintiff sues both defendants in their individual capacities. The essence of plaintiff's complaint is that on May 15, 2009, Gomez, who is supervised by Bowman, began walking him down the hallway, then hit, kicked, and sprayed him with a chemical spray, and subsequently denied him medical care.[2]

II.

## Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[2] The complaint offers no specific factual allegations as to Bowman, other than his role as Gomez's supervisor.

relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 550 U.S. at 555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion

couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

### III.

### Analysis

Defendants maintain that the complaint should be dismissed for failure to state a claim upon which relief can be granted because plaintiff has failed to state sufficient factual specificity to overcome defendants' qualified immunity defense.

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991); <u>Duckett v. City of Cedar Park</u>, 950 F.2d 272, 276-80 (5th Cir. 1992).

Plaintiff first complains of excessive force by Bowman and Gomez. "[T]he Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition <u>de minimis</u>

4

uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." <u>Baldwin v. Stalder</u>, 137 F.3d 836, 839 (5th Cir. 1998)(quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992)). Thus, a constitutional violation does not occur with "every malevolent touch by a prison guard." <u>Id.</u> Instead, the court must consider the particular facts of each case, including the extent of any injury suffered. <u>Id.</u> Although an injury need not be serious, it must be more than <u>de minimis</u>, and "this circuit currently requires a plaintiff to have suffered at least some injury" to prevail on an excessive force claim. <u>Ikerd v. Blair</u>, 101 F.3d 430, 434 (5th Cir. 1996)(internal citations and quotation marks omitted); <u>see also</u> <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir. 1997)(no Eighth Amendment violation, where officers twisted and bruised prisoner's ear resulting in only <u>de minimis</u> injury).

Here, although plaintiff alleges that on one specific occasion, Gomez hit, kicked, and sprayed him with chemical spray, he alleges in only the most conclusory fashion that Gomez's actions caused "serious bodily injury."[3] Absent from the complaint are any factual allegations of any specific injury

---

[3] The court need not accept plaintiff's conclusory assertion absent any factual allegations. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

5

resulting from Gomez's alleged actions. Because plaintiff has failed to identify any injury he suffered as a result of the above-described actions, he has failed to state an Eighth Amendment violation of excessive force.

Plaintiff's complaint that he was denied medical care in violation of the Eighth Amendment fares no better.[4] To establish such a claim, plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he facts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)(internal citations omitted). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Id.

---

[4] Despite his contention that he was denied medical care, the last page of his complaint lists as exhibits "medical records - Tarrant County Medical" where he received "eye drops, pain med." Although the indicated records are not attached to the complaint, their mention belies plaintiff's claim that defendants denied him medical care.

6

Here, plaintiff's complaint is devoid of facts showing any medical need or wanton acts on the part of defendants. As mentioned supra, plaintiff never identifies the "serious bodily injury" he claims to have suffered or the medical need allegedly denied, nor does he identify the "wanton" acts of defendants that demonstrate deliberate indifference. Finally, the fact that plaintiff apparently acknowledges that he did, in fact, receive medical attention negates his claim that such care was denied. Accordingly, the court concludes that plaintiff has failed to state a claim of denial of medical care in violation of the Eighth Amendment.

As the court concludes that plaintiff has failed to allege the violation of a constitutional right, it need not consider whether defendants' conduct was objectively reasonable.

Therefore,

The court ORDERS that the motion of Bowman and Gomez to dismiss, be, and is hereby, granted, and that all claims and causes of action brought by plaintiff against defendants be, and are hereby, dismissed with prejudice.

SIGNED September 29, 2009.

JOHN McBRYDE
United States District Judge

7